1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MELVIN RAY BRUMMETT, JR.,

11          Petitioner,              No. CIV S-07-0379 DFL KJM P

12      vs.

13   KEN CLARK,

14          Respondent.             ORDER AND

15   _____/      FINDINGS AND RECOMMENDATIONS

16          Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma

18   pauperis.

19          Examination of the in forma pauperis application reveals that petitioner is unable

20   to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

21   granted.  See 28 U.S.C. § 1915(a).

22          Petitioner has filed an application for leave to file a habeas petition in excess of 25

23   pages.  Good cause appearing, plaintiff's request will be granted.

24          Finally, petitioner has asked that the court stay this action while he exhausts state

25   court remedies with respect to his third claim.  In Rhines v. Weber, 544 U.S. 269, 125 S.Ct.

26   1528, 1535 (2005), the Supreme Court recognized the district court's authority to stay a mixed

1

1  petition for writ of habeas corpus if the court finds good cause for petitioner's failure to exhaust

2  earlier and merit to the claims petitioner is seeking to exhaust.

3          The court finds that petitioner has not established good cause for his failure to

4  exhaust state court remedies.  Petitioner asserts he only recently learned of the legal basis of his

5  claim.  But lack of knowledge with respect to a particular rule or law rarely, if ever, provides

6  justification for failure to comply with that rule or law.  See Pincay v. Andrews, 351 F.3d 947,

7  951 (9th Cir. 2003) ("No axiom is more familiar than 'Ignorance of the law is no excuse.'").  In

8  the habeas context, it has been specifically held that ignorance of the law cannot provide a basis

9  for excusing procedural default, e.g., Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993),

10  and cannot provide a basis for tolling the statute of limitations,  e.g., Raspberry v. Garcia, 448

11  F.3d 1150, 1154 (9th Cir. 2006).  There does not appear to be any reason to depart from the

12  general principle that ignorance of the law cannot excuse compliance with that law in this case.

13  Therefore, the court will recommend that petitioner's motion for a stay be denied.

14          In accordance with the above, IT IS HEREBY ORDERED that:

15          1.  Petitioner's application to proceed in forma pauperis is granted;

16          2.  Petitioner's request for leave to file a habeas application in excess of 25 pages

17  is granted.

18          IT IS HEREBY RECOMMENDED that:

19          1.  Petitioner's February 26, 2007 request for a stay be denied;

20          2.  Petitioner be ordered to inform the court within thirty days of any order

21  adopting the foregoing findings and recommendations whether he wishes to proceed on his

22  exhausted claims, or have the matter dismissed without prejudice.[1]

23

24          [1]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of
limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year

25  period will start to run on the date on which the state court judgment became final by the conclusion
of direct review or the expiration of time for seeking direct review, although the statute of limitations
is tolled while a properly filed application for state post-conviction or other collateral review is

26  pending.  28 U.S.C. § 2244(d).

1    These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3   days after being served with these findings and recommendations, petitioner may file written

4   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5   Findings and Recommendations."  Petitioner is advised that failure to file objections within the

6   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

7   F.2d 1153 (9th Cir. 1991).

8   DATED:  April 30, 2007.

9

10

11   U.S. MAGISTRATE JUDGE

12   1
     brum0379.mfs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3