UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., <br><br> Petitioner, <br><br> vs. <br><br> KEN CLARK, <br><br> Respondent. | NO. CV-07-0379-LRS <br><br> ORDER GRANTING PETITIONER'S MOTION TO AMEND GROUND ONE OF THE FEDERAL HABEAS PETITION |

BEFORE THE COURT is Petitioner's "Formal Request for Leave to Amend Ground One of the Federal Habeas Corpus Petition Under Federal Rules of Civil Procedure 15(C)(2)," Ct. Rec. 34, filed January 12, 2009. This case was reassigned to the undersigned judge in the Eastern District of Washington on November 25, 2008. Ct. Rec. 33.

**I. Brief Background**

On February 26, 2007, Petitioner filed a habeas petition in this matter (Ct. Rec. 1). On March 25, 2008, Respondent filed an answer to the petition (Ct. Rec. 28). On April 23, 2008 Petitioner filed a traverse (Ct. Rec. 30) and an Application for Leave to File a Memorandum of Points and Authorities in Excess of 25 Pages (Ct. Rec. 31). On January 12, 2009, Petitioner requested leave to amend ground one of his habeas corpus petition.

/ / /

ORDER - 1

**II.  Petitioner's Motion to Amend Petition**

Pursuant to Fed. R. Civ. P. 15(a)(2), Petitioner request leave to amend his petition.  A Petitioner may amend his pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).  Leave to amend is within the discretion of the district court.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The district court may deny such a motion if permitting the amendment would prejudice the opposing party, produce an undue delay in litigation, or result in futility. *Id.; see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Respondent has not filed a response to Petitioner's request to amend his first petition.

Petitioner states that he needs to amend ground one because "he has found several mistakes which need to be corrected as not to misguide the honorable Court's Justices."  Ct. Rec. 34 at 1. It is, however, not abundantly clear to the court what mistakes Petitioner is referring to.

The Court, without knowing what Petitioner's alleged mistakes are, cannot determine if the proposed amendment(s) would be futile. The amendment does raise concerns about undue delay as Respondent has filed its answer and Petitioner has filed his traverse.  In an abundance of deference to the pro se Petitioner and having no objections from the Respondent, the request to amend ground one will be granted.  Accordingly,

1. Petitioner's "Formal Request for Leave to Amend Ground One of the Federal Habeas Corpus Petition Under Federal Rules of Civil Procedure 15(C)(2)," **Ct. Rec. 34,** is **GRANTED.** Respondent shall file

ORDER - 2

its answer to the amended Petition on or before **June 1, 2009.** The traverse, if any, shall be filed by Petitioner on or before **July 1, 2009.**

    2. Petitioner's Application for Leave to File a Memorandum of Points and Authorities in Excess of 25 Pages, **Ct. Rec. 31**, is **GRANTED**. It appears that Petitioner's Amended Count One is incorporated in his overlength memorandum (Ct. Rec. 34), and is hereby **ACCEPTED AS FILED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, forward a copy to Petitioner. The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of California, Criminal Justice Division.

**DATED** this   28th   day of April, 2009.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 3