1
2
3
4
5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

6
7
8
9
10
11

MELVIN RAY BRUMMETT, JR.,        )
                                 )   NO. CV-07-0379-LRS
        Petitioner,              )   **ORDER DENYING**
                                 )   **§2254 PETITION**
   v.                            )
                                 )
KEN CLARK,                       )
                                 )
        Respondent.              )
_____)

12
13
14
15
16
17

        **BEFORE THE COURT** is the Petitioner's Petition for Habeas Corpus
Relief pursuant to 28 U.S.C. Section 2254 (Doc. 1), filed on February 26, 2007;
Respondent's Answer to Amended Petition For Writ of Habeas Corpus (Doc. 39),
filed June 18, 2009; and Petitioner's Traverse to Respondent's Answer to
Petitioner's Amended Petition (Doc. 44), filed on September 3, 2009, pursuant to
the Court's Order granting Petitioner an extension of time (Doc. 41).

18
19

**I.  DISCUSSION**

20
21
22
23
24
25

        Federal habeas corpus relief is not available for any claim decided on the
merits in state court proceedings unless the state court's adjudication of the claim:
(1) resulted in a decision that was contrary to, or involved an unreasonable
application of, clearly established law as determined by the Supreme Court of the
United States; or (2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the State court
proceedings.  28 U.S.C. § 2254(d).

26
27
28

        Under Section 2254(d)(1), a state court decision is "contrary to" clearly
established Supreme Court precedent if it applies a rule that contradicts the

**ORDER DENYING**
**§2254 PETITION -**          **1**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  The term "unreasonable application" has a meaning independent from that of the term "contrary to."  A state court's decision is an unreasonable application of clearly established Supreme Court precedent "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." *Id*.  A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id*. at 411.  A federal habeas court making an "'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409.  This is a "highly deferential standard for evaluating state court rulings" and "demands that state court decisions be given the benefit of the doubt." *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003)(citations omitted).

        In determining whether a state court decision is "contrary to" or an "unreasonable application" of federal law under §2254(d)(1), the federal court looks to the last reasoned state court decision as the basis for the state court judgment. *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005); *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002).  In the captioned matter, the last reasoned state court decision is that rendered by the California Court of Appeal, Third Appellate District, in *People v. Brummett*, 2005 WL 1394763 (June 14, 2005).  The California Supreme Court subsequently and summarily denied Petitioner's petition for review without prejudice to any relief to which Petitioner might be entitled upon finality of *People v. Black*, 35 Cal. 4th 1238 (2005).
*/ / /*

**ORDER DENYING**
**§2254 PETITION -**          **2**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## A.  Due Process Violation (Ground 1)

In his amended Ground One, Petitioner alleges that sentencing him under California's Three Strikes law violated his federal constitutional right to due process because it violated the terms of his 1984 and 1988 plea agreements. (Doc. 34 at 11-31.)  Petitioner acknowledges that California's Three Strikes law was not in existence at the time he entered his prior pleas ( Doc. 34 at 17-19), but he claims that using his prior convictions to sentence him under the Three Strikes law violated his federal constitutional right to due process because he had been informed and promised that his prior convictions could be used to enhance a future sentence for one or five years in the event of reoffense. (Doc. 34 at 12-18.) Petitioner further claims that his sentence is unconstitutional because a change in law cannot alter a fully executed contract (Doc. 34 at 18-23), and because his 1984 and 1988 plea agreements violate section 1192.7 as well as the California Constitution's prohibition against plea bargaining in cases involving serious felonies (Doc. 34 at 26-31).

More specifically, Petitioner states that his plea agreement for his 1984 conviction included a stipulation that his conviction could be used as a five-year enhancement in a subsequent prosecution for a serious felony. (Doc. 34 at 7; *see also* Doc. 20-2 at 37-38, 40, 79.) Petitioner also states that his plea agreement for his 1988 conviction included a stipulation that his conviction could be used as a one-year enhancement in a subsequent prosecution for a serious felony. (Doc. 34 at 7; *see also* Doc. 20-2 at 37-38, 40, 79.) Petitioner argues that he would not have entered pleas had he known that his prior convictions could be used as strikes.

Respondent asserts that Petitioner raised a similar claim on habeas corpus to the California Supreme Court (LD[1] 11 at 52-62), which the Supreme Court denied

[1]The abbreviation "LD" refers to the Lodged Document, lodged by

**ORDER DENYING**
**§2254 PETITION -**          **3**

(LD 12). To the extent Petitioner separately argues his sentence is unconstitutional because a change in law cannot alter a fully executed contract, Respondent argues his claim is unexhausted.  Even if it were exhausted, Respondent states Petitioner is not entitled to federal habeas relief because the California Supreme Court's rejection of this claim did not contradict or unreasonably apply clearly established federal law as determined by the United States Supreme Court.

Respondent explains that Petitioner's claim that his prior convictions are invalid because he was not informed they would be used in subsequent criminal proceedings to enhance his sentence to a term of twenty-five years to life under the Three Strikes law, is barred by *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001). In *Lackawanna*, the Supreme Court held that where a petitioner's state court conviction was later used to enhance a criminal sentence, "the defendant generally may not challenge the enhanced sentence through a petition under [28 U.S.C.] § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403-04. The only recognized exception to this general rule is for a failure to appoint counsel in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963).  *Lackawanna*, 532 U.S. at 404. Petitioner's collateral attack on his prior convictions, however, does not involve the *Gideon* exception. Respondent concludes, and the Court agrees, that Petitioner is precluded from collaterally attacking his 1984 and 1988 convictions on federal habeas. Petitioner is not entitled to habeas relief under Ground 1.

**B.  Ineffective Assistance of Trial Counsel  (Ground 2)**

Related to Ground 1 in part, Petitioner claims that his trial counsel rendered ineffective assistance in violation of the Sixth Amendment by failing to adequately investigate his prior plea agreements to determine whether "those prior waivers and agreements created a due process guarantee that the petitioner could only be

───────────────

Respondent on March 25, 2008 with the filing of his Answer.  See Doc. 29.

**ORDER DENYING**
**§2254 PETITION -          4**

charged with the enhancement terms agreed upon, informed of, and by the current law at the time of the prior contract plea agreements."  Petitioner also claims that his attorney failed to investigate and present evidence of Petitioner's mental health at trial and sentencing after Petitioner told trial counsel that he had "an extensive mental health history, and that he had been being treated by a psychiatrist and had been on several different psychotropic medications."   Finally, Petitioner alleges his attorney failed to timely inform him of a plea offer that had been made by the prosecutor, which included a total state prison term of eighteen years and which he would have accepted had it not been withdrawn. (Doc. 20-2 at 8.)  Petitioner raised this same claim in a habeas petition to the California Supreme Court (LD 11 at 3-12.1), which the court silently denied (LD 12).

In addressing the issue of ineffective assistance of counsel, the Court is guided by the now-familiar construct of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  As required by that analytical framework:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687.

Establishing these two elements is not easy: "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir.1995) (en banc) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.1994)).

In claims involving a failure to investigate, the Supreme Court has explained:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to

**ORDER DENYING**
**§2254 PETITION -**          **5**

1

2

3

4

5

> the extent that reasonable professional judgments support
> the limitations on investigation. In other words, counsel
> has a duty to make reasonable investigations or to make a
> reasonable decision that makes particular investigations
> unnecessary. In any ineffectiveness case, a particular
> decision not to investigate must be directly assessed for
> reasonableness in all the circumstances, applying a heavy
> measure of deference to counsel's judgments.

*Strickland*, 466 U.S. at 690-91.

6        Under the circumstances of this case, competent counsel could reasonably

7    conclude that there was a factual basis for the prior convictions.  The facts which

8    do appear in the record amply support the conclusion that Petitioner's trial counsel

9    conducted a thorough investigation of Petitioner's prior convictions.  To illustrate,

10   trial counsel successfully argued that Petitioner's 1994 conviction could not be

11   used as a strike, and its use was limited to a one-year enhancement under the terms

12   of the plea agreement. (Doc. 39 at 20.)   Thus, the record fails to show that counsel

13   was required to investigate Petitioner's prior convictions beyond what had already

14   been done.  In addition, Petitioner fails to show sufficient prejudice as to this

15   portion of his ineffective assistance claim.

16       As to Petitioner's claim that trial counsel failed to investigate a mental health

17   defense, Respondent asserts that evidence of Petitioner's mental condition at trial is

18   inadmissible to prove the absence of general intent.  (Doc. 39 at 22.)  Respondent

19   points out that trial counsel argued Petitioner had been "drunk" the night of the

20   incident, and that the trial court should exercise its discretion to strike one or more

21   of Petitioner's prior convictions for sentencing purposes.  (Id. at 23, citations to

22   record omitted.)  Respondent also points out that Petitioner was provided the

23   opportunity to make a statement to the probation officer to include in the probation

24   report but Petitioner declined to do so.  Further, respondent notes that Petitioner

25   submitted a brief to the trial court on his own behalf prior to sentencing, but it did

26   not contain anything about his mental condition on the night of the incident.  (Doc.

27   39 at 23, n 5.)

28       Finally, Respondent argues that to the extent the documents Petitioner

**ORDER DENYING**
**§2254 PETITION -**          **6**

provides indicates that he has been, and is currently being, treated for depression (Doc. 20-3 at 58-69), it is not reasonably probable that the trial court would have imposed a different sentence had this evidence been before it. This is especially true where, as here, none of the documents address Petitioner's mental condition on the night of the current offenses. Instead, the documents relate to Petitioner's mental condition while he was incarcerated approximately two years before the current offense (Doc. 20-3 at 58-62), after he had been convicted of the current offenses and prior to sentencing (Doc. 20-3 at 63), and after sentencing on the current offense (Doc. 20-3 at 65-69).

The Court agrees with Respondent.   The fact that Petitioner suffers from depression does not undermine the trial court's ruling that Petitioner fell within the intent of the Three Strikes law based on his lengthy criminal history and the facts of his current offenses.  This Court concludes the Court of Appeal did not unreasonably apply *Strickland* in rejecting this portion of the ineffective assistance claim because evidence of Petitioner's mental condition was inadmissible at trial, and Petitioner has not shown how the absence of this evidence prejudiced him during sentencing.

The Court similarly rejects the last allegation of Petitioner's ineffective assistance theory, that trial counsel failed to timely advise Petitioner of a plea offer. Petitioner claims that two days before his trial was scheduled to commence, his trial counsel told him that the prosecutor was willing to agree to an eighteen-year state prison term in exchange for his guilty plea. Petitioner states that he gave his attorney authorization to accept the offer, but he was told on the day of trial that the prosecutor had rescinded the offer. (Doc. 20-2 at 44; see also id. at 80 (unsigned declaration).) Petitioner does not include a declaration from trial counsel regarding any settlement offers.

The trial record, however, indicates that the only settlement offers made by the prosecution contemplated a state prison sentence of twenty-five years to life,

**ORDER DENYING**
**§2254 PETITION -**          **7**

1   and that an offer made two days prior to the commencement of jury selection was

2   rejected by Petitioner. (1CT[2] at 48, 73.)  Petitioner's declaration to the contrary

3   does not demonstrate that his trial counsel rendered constitutionally ineffective

4   assistance. Accordingly, Petitioner is not entitled to habeas relief because the

5   California Supreme Court did not unreasonably apply *Strickland* in rejecting this

6   claim.

7   **C.  Ex Post Facto Clause Violation  (Ground 3)**

8       In Ground Three, Petitioner claims that the use of his prior convictions to

9   sentence him under California's Three Strikes law violated his federal

10  constitutional right to due process and ex post facto prohibition because the Three

11  Strikes law had not been enacted at the time he entered his guilty pleas.  Petitioner

12  raised this same claim in his second habeas petition to the California Supreme

13  Court (LD 13 at 3-12), which was denied with a citation to *Clark*, 5 Cal. 4th 750

14  (LD 14). Respondent submits that the California Supreme Court's citation to *Clark*

15  bars Petitioner's claim on federal habeas. However, given the relative complexity

16  of the procedural bar and the lack of merit of Petitioner's claim, Respondent invites

17  this Court to proceed directly to addressing the claim raised in the petition.

18  *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002).  Respondent asserts,

19  however, that applying *de novo* review, Petitioner's claim should be rejected.

20      Respondent points out that California's Three Strikes law took effect in

21  March 1994. (Stats. 1994, ch. 12, § 1.)  Petitioner committed his current offenses in

22  August 2003. (CT at 75-77.)  Respondent further argues that the Supreme Court

23  and the Ninth Circuit have uniformly held that recidivist statutes do not violate the

24  Ex Post Facto Clause if they are on the books at the time the present offense was

25

26

27      _____

28      [2]The abbreviation "CT" refers to Clerk's Transcript, which was lodged by Respondent on
    March 25, 2008, with the filing of his Answer.

**ORDER DENYING**
**§2254 PETITION -        8**

1  committed.[3]   Furthermore, Respondent argues that the use of Petitioner's 1984 and
2  1988 convictions to enhance his sentence under the Three Strikes law does not
3  violate due process.

4      The Court agrees with Respondent and finds no due process violations or ex
5  post facto clause violations occurring with respect to his sentence based on his
6  prior convictions and California's Three Strikes law.  As such, Petitioner is not
7  entitled to habeas relief under Ground 3.

8      **D.   Admission of Prior Uncharged Acts  (Ground 4)**

9      Petitioner argues that the admission of evidence of three prior acts of
10  domestic abuse against Belinda P. (Petitioner's live-in girlfriend and victim)
11  pursuant to California Evidence Code § 1109 and its implementing instruction,
12  California Jury Instructions, Criminal (CALJIC) No. 2.50.02 (2002 rev.),
13  "lightened the prosecution's burden of proof and diluted the reasonable doubt
14  standard of proof in violation of petitioner's right to due process and trial by jury
15  …." (Doc. 20-2 at 11.)  Petitioner raised this same claim on direct appeal (see LD 1
16  at 17-25), which the appellate court rejected in a reasoned decision (LD 4 at 9-11).
17  Petitioner then raised this claim in a petition for review to the California Supreme
18  Court (LD 5 at 13-15).  The high court silently denied  this claim (LD 6). Petitioner
19  also raised this claim in his first habeas petition to the
20  California Supreme Court (LD 11 at 27-40), which the high court  silently denied
21  (LD 12).

22      Petitioner further claims that his conviction for the lesser offense of
23  misdemeanor battery in count 4, § 242, instead of battery with serious bodily
24  injury, § 243(d), undermines his conviction for corporal injury of a cohabitant in

25  _____

26      [3]Respondent cites to the following cases:  *United States v. Kaluna*, 192 F.3d
     1188, 1199 (9th Cir. 1999) (en banc) (quoting *United States v. Ahumada-Avalos*,
27   875 F.2d 681, 683-84 (9th Cir. 1989) (per curiam) and citing *Weaver v. Graham*,
     450 U.S. 24, 30 (1981)).  Ct. Rec. 39 at 25.
28

**ORDER DENYING
§2254 PETITION -          9**

count 2, § 273.5(a), and demonstrates the jurors' confusion over the court's instructions.

Respondent asserts that Petitioner is not entitled to federal habeas relief on this claim because the California Court of Appeal's decision did not contradict or unreasonably apply clearly established Supreme Court law.  More specifically, Respondent argues that the California Court of Appeals properly rejected Petitioner's challenge to CALJIC No. 2.50.02.  Respondent explains that the trial court instructed the jury on the presumption of innocence and reasonable doubt standard.  Citing *Estelle v. McGuire*, 502 U.S. 62, 72 (1991),  Respondent explains that the issue before this Court is whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution.

The Court finds that the California Court of Appeal's decision did not contradict or unreasonably apply clearly established Supreme Court law. Petitioner's challenge to the jury instruction is flawed.   Unlike the jurors in *Gibson v. Ortiz*, 387 F.3d 812 (9th Cir. 2004),[4] the jurors in Petitioner's case were explicitly told that they could not find Petitioner guilty based solely on his prior offenses, and that the prosecution was required to prove his guilt on the charged (or lesser) crimes beyond a reasonable doubt.  The jury was instructed that "[e]very person who willfully inflicts upon a person who is his cohabitant corporal injury resulting in a traumatic condition is guilty of a violation of section 273.5 subdivision (a) of the Penal Code, a crime." (1CT at 231; CALJIC No. 9.35.) The

_____

[4]In *Gibson*, the Ninth Circuit held that CALJIC No. 2.50.01 (1996 rev.)  and CALJIC No. 2.50.1, which address the use of prior sexual offenses, were unconstitutional because they improperly instructed the jury that (1) the prosecution had the burden of proving the prior sexual offenses by a preponderance of the evidence; (2) it could infer from the past sexual offenses that the defendant had a disposition to commit same or similar sexual offenses; and (3) it could infer guilt on the charged offenses based on that disposition. *Gibson*, 387 F.3d at 821-23.

**ORDER DENYING**
**§2254 PETITION -**          **10**

jury was further told that "[a] 'traumatic condition' is a condition of the body such as a wound or external or internal injury, whether of a minor or serious nature, caused by a physical force." Id.  The jury was also instructed that battery with serious bodily injury requires "a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement." (1CT at 236; CALJIC No. 9.12.)

During closing argument, the record indicates that the prosecutor explained to the jury that counts 2 and 4 related to the same incident—"the entire transaction from inside the house to the outside of the house where [Belinda's] cut." (3RT[5] at 592.) In support of these two counts, the prosecution presented evidence that Petitioner hit and kicked Belinda while she was inside the house, repeatedly struck her in the head with the butt of a butcher knife, kicked her back and legs as she tried to leave the house, and then slit Belinda's wrist with the knife when she raised her hand to cover her throat. (1RT at 156-63, 247-53.) As a result of the attack, the laceration to Belinda's wrist had to be cleaned and sutured, and she had "golf ball" sized bumps on her scalp. (1RT at 185, 225, 284-87.)

Based on the court's instructions, the jury certainly could have concluded that Belinda had sustained a "wound or external or internal injury, whether of a minor or serious nature, caused by a physical force," which is an element of corporal injury of a cohabitant, but she had not sustained "a serious impairment of physical condition," which is an element of battery with serious bodily injury.  The jury's verdict on these two offenses, therefore, can be reconciled easily based on the different elements for the two offenses. The Court finds  Petitioner is not

---

[5]The abbreviation "RT" refers to Reporter's Transcript, which was lodged by Respondent on March 25, 2008, with the filing of his Answer.

**ORDER DENYING
§2254 PETITION -          11**

1    entitled to habeas relief for Ground 4 because the California Court of Appeal's

2    rejection of this claim did not contradict or unreasonably apply clearly established

3    Supreme Court law.

4        **E.   Cumulative Error  (Ground 5)**

5        In Ground Five, Petitioner claims that the cumulative effect of state law

6    errors committed at his trial violated his federal constitutional rights to due process

7    and a fair trial. (Doc. 20-2 at 13).  Petitioner claims that these errors include: (1)

8    the admission of evidence of "an uncharged and unadjudicated alleged allegation

9    of assault with a deadly weapon to a different alleged victim, Tony Ericsson" over

10   the defense's objection (Doc. 20-2 at 62-64); (2) the admission of a butcher knife

11   that both the prosecutor and victim knew had not been used during

12   the attack (Doc. 20-2 at 64-65); (3) the admission of three uncharged acts of

13   domestic violence against Belinda without the prosecution alleging them in the

14   "indictment" and submitting them to the jury for proof beyond a reasonable doubt

15   (Doc. 20-2 at 65-66); (4) instructing the jury that it could consider his "flight" after

16   the crime in determining his guilt (Doc. 20-2 at 66-67); and (5) trial counsel's

17   failure to investigate and present evidence at trial that he suffered a "psychotic

18   episode on the night of the alleged assaults" and to present evidence of his "mental

19   condition as a mitigating factor" at sentencing (Doc. 20-2 at 69-70).  Petitioner

20   raised this same claim in a habeas petition to the California Supreme Court (LD

21   11 at 41-51), which the court silently denied (LD 12).

22       Petitioner first claims that the trial court erroneously admitted evidence of

23   "an uncharged and unadjudicated alleged allegation of assault with a deadly

24   weapon to a different alleged victim, Tony Ericsson" over the defense's objection.

25   (Doc. 20-2 at 62-64.) All of the crimes submitted to the jury involved Belinda as

26   the victim. (See 1CT at 75-76.) In addition to evidence relating to these offenses,

27   the People also introduced evidence in its case-in-chief that prior to Petitioner

28   attacking Belinda, Petitioner and Ericsson fought, and Petitioner cut Ericsson's

**ORDER DENYING**
**§2254 PETITION -**          **12**

throat with a knife. (1RT at 146-49, 237-38, 255-56; 2RT at 374-76, 397-400, 408.) The admission of evidence regarding Petitioner's fight with Ericsson did not violate Petitioner's right to due process because the evidence was relevant to explain Petitioner's conduct the night of the incident, to put his attack on Belinda in context, and to explain why Belinda was afraid to leave with Petitioner.

Petitioner next claims the prosecutor erroneously presented evidence of a butcher knife that both the prosecutor and Belinda knew had not been used during the attack, and the trial court erred by admitting the butcher knife into evidence. (Doc. 20-2 at 64-65.) The only knife admitted into evidence (see 1CT at 95-96) was a butcher knife that Belinda testified she saw the morning after the incident, tucked between the driver's seat and center console of the car Petitioner had been driving. (1RT at 182, 184-85, 254-55; but see 1RT at 177-79.) Belinda testified that she later turned the knife over to sheriff's deputies. (1RT at 178.) The prosecutor asked Belinda, "Do you know if that was the knife that was used to cut your wrist," and Belinda responded, "I couldn't say if it was or not." (1RT at 185.) On cross-examination, trial counsel asked, "Did you see this knife specifically in [Petitioner's] hand at some point in time that night that this incident occurred," and Belinda responded, "I can't say.  No I did not." (1RT at 255.)

On redirect examination, the prosecutor asked Belinda if the butcher knife she had previously identified "look[s] like it's in the same condition as it was when you handed that over to the police?" (1RT at 262.) Belinda replied, "No, it's not," and she explained, "When I found it, it did have blood on it …. It seemed to look like blood." (1RT at 262.) The knife was admitted into evidence without objection. (Doc. 20-2 at 263.)

Based on Belinda's testimony and the evidence, the prosecutor argued to the jury in closing: "There's no doubt that there was a knife in [Petitioner's] hand. [Belinda] saw it that night…. [E]ven though we don't know if it was this knife, everyone there said the defendant had a knife at some point and time…. There's a

**ORDER DENYING**
**§2254 PETITION -**                **13**

knife. We can't say if it's this knife or not. Doesn't matter. We don't have to prove that it was this knife that caused the assault with a deadly weapon." (3RT at 591; see also 3RT at 633-34 (rebuttal argument).)  The trial record does not support Petitioner's claim that the prosecutor knew that the butcher knife admitted into evidence was not the knife used by Petitioner during the attack, and Petitioner does not present any additional evidence to support his claim.  In addition, Belinda's equivocal testimony did not definitively establish that it was not the knife used by Petitioner during the attack. Therefore, this Court finds that the trial court did not err by admitting the butcher knife into evidence.  The evidence established that the knife could have been used in the attack, and moreover, there was no objection to its admission.  Finally, given Belinda's testimony, Petitioner cannot demonstrate any harm by its admission.

Petitioner lastly claims under the cumulative ground theory, that the trial court erroneously admitted three uncharged acts of domestic violence against Belinda without the prosecution alleging them in the "indictment" and submitting them to the jury for proof beyond a reasonable doubt.  (Doc. 20-2 at 65-66.)  As discussed above in Part D, the admission of evidence of Petitioner's prior incidents of domestic violence under California Evidence Code § 1109 does not violate due process, and the court's instruction was proper. Furthermore, admission of the prior-acts evidence did not render Petitioner's trial fundamentally unfair.  This Court finds the evidence was relevant to the charged crimes, had a tendency to show Petitioner's intent or an absence of accident, explained why Belinda delayed in reporting the current incident, and it was no stronger or more inflammatory than testimony regarding the current offenses.

Additionally, in Petitioner's cumulative error ground, he claims that the trial court erred by instructing the jury with CALJIC No. 2.52, i.e., that it could consider his "flight" in determining his guilt. (Doc. 20-2 at 66-67.) Without objection (2RT at 458-59), the trial court instructed the jury with a modified

**ORDER DENYING**
**§2254 PETITION -**          **14**

version of CALJIC No. 2.52, as follows: "The flight of a person immediately after the commission of a crime, is not sufficient in itself to establish his guilt, but is a fact which, if proved, may be considered by you in the light of all other proved facts in deciding whether a defendant is guilty or not guilty. The weight to which this circumstance is entitled is a matter for you to decide." (1CT at 214.) To obtain federal habeas relief, Petitioner must show "that the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire,* 502 U.S. 62, 72 (1991).  Petitioner has failed to meet this showing.

More specifically, during his closing argument to the jury, the prosecutor relied on testimony to argue that the jurors could infer that Petitioner fled his house when the police came to talk to him. (3RT at 600.) This was a reasonable inference that was supported by the evidence and demonstrated Petitioner's consciousness of guilt. In any event, the trial court's instruction told the jury that it could only consider Petitioner's flight in determining his guilt "if proved." (1CT at 214.) As such, it was left to the jury to decide whether the evidence demonstrated Petitioner's "flight" after the crime. Therefore, this Court finds that instructing the jury with CALJIC No. 2.52 did not violate Petitioner's right to due process.

Petitioner again claims that his trial counsel was ineffective for failing to investigate and present evidence at trial that he suffered a "psychotic episode on the night of the alleged assaults" and to present evidence of his "mental condition as a mitigating factor" at sentencing. (Doc. 20-2 at 69- 70.) For the reasons discussed above in Part B, Ground 2, there was no error.

"[T]he combined effect of multiple trial errors may give rise to a due process violation if it renders a trial fundamentally unfair, even where each error considered individually would not require reversal." *Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007).  "[T]he fundamental question in determining whether the combined effect of trial errors violated a defendant's due process rights is whether

**ORDER DENYING**
**§2254 PETITION -**          **15**

1  the errors rendered the criminal defense 'far less persuasive,' [citation], and

2  thereby had a 'substantial and injurious effect or influence' on the jury's verdict,

3  [citation]." *Parle*, 505 F.3d at 928.

4      In sum, Petitioner has failed to demonstrate any constitutional error, let

5  alone an accumulation of errors. Accordingly, the California Supreme Court's

6  rejection of Petitioner's claim of cumulative error did not contradict or

7  unreasonably apply clearly established Supreme Court law.  Accordingly,

8  Petitioner is not entitled to federal habeas relief on this claim.

9      **F.   Sentencing Error  (Ground 6)**

10     In Ground Six, Petitioner claims that the trial court's failure to follow

11 California's sentencing laws and, instead, to erroneously impose separate sentences

12 for corporal injury of a cohabitant and kidnapping violated his right to due process.

13 (Doc. 20-2 at 15.)[6]  Petitioner raised this same claim in a habeas petition to the

14 California Supreme Court (LD 11 at 13-17), which the court silently denied (LD

15 12).

16     Respondent asserts that Petitioner's sentencing error claim must be

17 summarily denied because it essentially involves an interpretation of state

18 sentencing law and does not present a federal constitutional question. Respondent

19 explains that federal habeas relief will be granted only for violations of federal law

20 and will not be granted for erroneous interpretations or applications of

21 state law. *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Hinman v. McCarthy*, 676

22 F.2d 343, 349 (9th Cir. 1982). A state court's interpretation of its own sentencing

23 law does not raise a federal question.  *Souch v. Schaivo,* 289 F.3d 616, 623 (9th

24 Cir. 2002)*; Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989). Thus,

25

26 ────────────────

27     [6]The trial court sentenced Petitioner to two separate terms of twenty-five

   years to life for corporal injury of a cohabitant and kidnapping, but it ordered the

28 sentences to run concurrent. (3RT at 837, 844-45.)

1  Petitioner's claim that the imposition of separate punishments for

2  corporal injury on a cohabitant and kidnapping violates § 654 should be summarily

3  denied based on his failure to state a federal constitutional question.  Ct. Rec. 39 at

4  38.

5       Alternatively, Respondent argues, Petitioner is not entitled to habeas relief

6  because the California Supreme Court's rejection of this claim did not contradict or

7  unreasonably apply clearly established Supreme Court law.  Respondent argues,

8  citing *Richmond v. Lewis*, 506 U.S. 40, 50 (1992), that Petitioner is not entitled to

9  habeas relief for his due process violation claim because he cannot demonstrate the

10 sentence imposed was arbitrary or capricious.  Under California law, Respondent

11 explains, a single criminal act may be punished only once.   However, Respondent

12 argues, separate objectives may exist under § 654 "when the objectives were either

13 (1) consecutive even if similar or (2) different even if simultaneous." *People v.*

14 *Britt*, 32 Cal. 4th 944, 952 (2004).   Contrary to Petitioner's premise, the trial

15 evidence established that Petitioner had multiple and consecutive objectives that

16 were independent of and not merely incidental to each other when he committed

17 the two offenses.  This Court agrees with Respondent and finds that the trial court

18 did not exercise its sentencing discretion in an unconstitutional manner.

19       **G.     1984 Conviction Qualifying As A Strike  (Ground 7)**

20       In Ground Seven, Petitioner claims that the trial court erroneously found that

21 his 1984 conviction for assault with a deadly weapon/great bodily injury qualified

22 as a serious felony under California's Three Strikes law in violation of his right to

23 due process and reliable sentencing. (Doc. 20-2 at 16.) Petitioner raised this same

24 claim in a habeas petition to the California Supreme Court (LD 11 at 22-26), which

25 the court silently denied (LD 12).

26       Respondent points out that prior to sentencing, Petitioner admitted the prior

27 convictions alleged in the information, including that his 1984 conviction qualified

28 as a "strike." (3RT at 691-99.) In doing so, Petitioner agreed that, with the

**ORDER DENYING**
**§2254 PETITION -          17**

exception of his 1994 conviction, he was "not going to be putting the [P]eople to the proof, to test their proof in this case as to the enhancements." (3RT at 691-92.) The trial court thoroughly advised Petitioner about the consequences of admitting his prior convictions and the constitutional rights he was waiving. (3RT at 693-98.) The record demonstrates that trial counsel had researched Petitioner's prior convictions and had discussed the matter with Petitioner. (3RT at 689, 691, 695, 698.) Trial counsel even advised the court that he was "comfortable that there is a factual basis" for the prior convictions because he had "personally looked at the records." (3RT at 698.)

Respondent concludes, and this Court agrees, Petitioner's admission established that his 1984 conviction qualified as a strike. Consequently, its use to enhance his current sentence under California's Three Strikes law does not violate due process.  Petitioner's 1984 conviction qualified as a serious felony under § 1192.7(c). Therefore, Petitioner is not entitled to habeas relief because the California Supreme Court's rejection of this claim did not contradict or unreasonably apply clearly established Supreme Court law.

## H.   Challenge to the Restitution Fine (Ground 8)

In Ground Eight, Petitioner claims that the restitution award must be reversed because there was no jury determination of the amount to be awarded, and the restitution award was based on inadmissible hearsay in violation of his Sixth Amendment right to confront and cross-examine witnesses. (Doc. 20-2 at 18; see also id. at 76-78.) Petitioner raised this same claim on direct appeal (see LD 1 at 9-16), which the appellate court rejected in a reasoned decision (LD 4 at 4-9). Petitioner then raised this claim in a petition for review to the California Supreme Court (LD 5 at 7-12), which the court silently denied (LD 6 and 12).

Respondent argues that Petitioner's challenge to the restitution fine is not cognizable on federal habeas.   More specifically, 28 U.S.C. § 2254 is applicable only to state prisoners challenging the validity or duration of his or her

confinement. It is not available to petitioners challenging fines or restitution orders. See *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999) (holding that petitioner cannot challenge restitution order in 28 U.S.C. § 2255 proceeding); *Blaik v. United States*, 161 F.3d 1341, 1342-43 (11th Cir. 1998) (same); *United States v. Segler*, 37 F.3d 1131, 1136-37 (5th Cir. 1994) (same).

Alternatively, Respondent argues that Petitioner is not entitled to federal habeas relief because the California Court of Appeal's rejection of this claim did not contradict or unreasonably apply clearly established Supreme Court law.

At the time of Petitioner's restitution hearing, § 1202.4(f)(4)(A), provided in relevant part:

> If, as a result of the defendant's conduct, the Restitution Fund has provided assistance to or on behalf of a victim or derivative victim …, the amount of assistance provided shall be presumed to be a direct result of the defendant's criminal conduct and shall be included in the amount of the restitution ordered.

Section 1202.4(f)(4)(B) sets forth the manner in which the amount of restitution is to be established, and § 1202.4(f)(4)(C) explains the procedures by which a defendant may challenge the amount of restitution claimed. Specifically, § 1202.4(f)(4) states:

> (B) The amount of assistance provided by the Restitution Fund shall be established by copies of bills submitted to the State Board of Control reflecting the amount paid by the board and whether the services for which payment was made were for medical or dental expenses, funeral or burial expenses, mental health counseling, wage or support losses, or rehabilitation. Certified copies of these bills provided by the State Board of Control and redacted to protect the privacy and safety of the victim or any legal privilege, together with a statement made under penalty of perjury by the custodian of records that those bills were submitted to and were paid by the State Board of Control, shall be sufficient to meet this requirement.
>
> (C) If the defendant offers evidence to rebut the presumption established by this paragraph, the court may release additional information contained in the records of the State Board of Control to the defendant only after

**ORDER DENYING**
**§2254 PETITION -**                      **19**

reviewing that information in camera and finding that the
information is necessary for the defendant to dispute the
amount of the restitution order.

Petitioner, however, does not dispute that the certification complied with §
1202.4(f)(4).  Instead, Petitioner argues that its admission at the restitution hearing
denied him his Sixth Amendment right to confrontation as interpreted in *Crawford
v. Washington*, 541 U.S. 36 (2004), and he was entitled to a jury determination of
the amount to be awarded under *Blakely v. Washington*, 542 U.S. 296 (2004).
(Doc. 20-2 at 76-78.)

Respondent disagrees with Petitioner's assertion.  Respondent argues that
the appellate court properly found that nothing in *Crawford's* holding extends the
application of the Sixth Amendment's right of confrontation to restitution hearings.
Similarly, Respondent notes, the Ninth Circuit has declined to extend *Crawford* to
sentencing, *United States v. Littlesun*, 444 F.3d 1196, 1200 (9th Cir. 2006), and
probation revocation proceedings, *United States v. Hall*, 419 F.3d
980, 985 (9th Cir. 2005).  *See also United States v. Bibbs*, 488 F. Supp. 2d 925, 26
(N.D. Cal. 2007) (holding that *Crawford* is inapplicable at detention hearings).
As to Petitioner's theory under *Blakely*, Respondent argues that the appellate court
properly found that the facts supporting a victim restitution order do not increase
the penalty for any crime beyond the prescribed statutory maximum because an
award of victim restitution is required for any crime resulting in economic loss, and
the restitution statute sets no maximum amount of restitution that may be ordered
in a given case.

The Court agrees with Respondent and finds the appellate court's holding is
consistent with Ninth Circuit law.  *See United States v. Gordon*, 393 F.3d 1044,
1051 n.2 (9th Cir. 2004) (restitution order made under Victim and Witness
Protection Act unaffected by *Blakely*); *United States v. DeGeorge*, 380 F.3d 1203,
1221 (9th Cir.2004) (same).  Based on the foregoing, Petitioner is not entitled to

**ORDER DENYING**
**§2254 PETITION -**        **20**

1 | federal habeas relief on this claim.

2 | **II.  CONCLUSION**

3 |      For the foregoing reasons:

4 |      1.  Petitioner's §2254 Petition, **Doc. 1**, is **DENIED**.

5 |      2.  Petitioner's Request to Take Judicial Notice, **Doc. 42**, is **DENIED**.

6 | Petitioner has asked the Court to take judicial notice of a series of documents and

7 | cases, including 9 declarations, and a list of 19 purported "Two and Three Strike

8 | Cases Involved [sic] Plea Bargaining."   Under Federal Rule of Evidence 201, a

9 | trial court must take judicial notice of facts "if requested by a party and supplied

10 | with the necessary information." Fed. R. Ev. 201(d). A fact is appropriate for

11 | judicial notice if it is not subject to reasonable dispute in that it is (1) generally

12 | known within the territorial jurisdiction of the trial court or (2) capable of accurate

13 | and ready determination by resort to sources whose accuracy cannot reasonably be

14 | questioned.  Fed. R. Ev. 201(b). Facts contained in public records are considered

15 | appropriate subjects of judicial notice.  *Santa Monica Food Not Bombs v. City of*

16 | *Santa Monica*, 450 F.3d 1022, 1025 (9th Cir.2006).  The Ninth Circuit has urged

17 | the district courts to be cautious in taking judicial notice and to do so only when

18 | the "matter is beyond controversy."  *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142,

19 | 1151 (9th Cir.2005).   Because the requested facts and declarations to be judicially

20 | noticed are not shown to be beyond reasonable dispute, the Court must refrain as

21 | the same are not considered appropriate subjects for judicial notice.   Further,

22 | Petitioner does not supply the Court with the necessary information regarding the

23 | "Two and Three Strike Cases."

24 |     **IT IS SO ORDERED**.  The District Court Executive is directed to enter this

25 | order and forward a copy to the Petitioner and to counsel for the Respondent.

26 | Judgment shall be entered accordingly.

27 |     **DATED** this___24th___day of September, 2009.

28 |

**ORDER DENYING**
**§2254 PETITION -**        **21**

1

*s/Lonny R. Suko*

2
_____
LONNY R. SUKO
3
Chief United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER DENYING**
**§2254 PETITION -**                    **22**